UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Oaxaco El Bey, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|  -v- | )  CASE NO.: 4:15-cv-00560-DGK |
| | ) |
| NCO Financial Systems, Inc., | ) |
| | ) |
|    Defendant. | ) |

**SUGGESTIONS IN SUPPORT OF**
**DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S**
**<u>MOTION TO DISMISS</u>**

**I.**   <u>**Statement of the Case**</u>

Plaintiff Oaxaco El Bey,[1] proceeding pro se, commenced this action against NCO Financial Systems, Inc. ("NCO") in the 16th Judicial Circuit Court, Jackson County, Missouri, Small Claims division, on July 3, 2015. ECF No. 1; 3. The complaint alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a et seq. *Id*. On July 24, 2015, NCO removed the action to this Court, premised on federal question jurisdiction. ECF No. 1. This motion followed.

**II.**   <u>**Statement of Facts**</u>

Plaintiff's complaint alleges NCO is a debt collector, ECF No. 1-2 ¶ 3; that "**on or about May 29, 2013**[, Plaintiff] obtained his three consumer credit reports from the three (3) major credit reporting bureaus, Equifax, Transunion and Experian. Plaintiff at this

---

[1] Upon information, "Oaxaco El Bey" is a pseudonym. Plaintiff's given name is believed to be Odeal Watson or Odeal Haynes.

time noticed and found an inquiry by Defendant NCO Financial Systems Inc. to obtain Plaintiff's consumer credit report on 06-23-2011." ECF No. 1-2, ¶ 5 (emphasis added).

Plaintiff alleges that "Defendant obtained Plaintiff's consumer credit report with no 'permissible purpose' and appears to be a violation of 15 USC §1681(b)." ECF No. 1-2 ¶ 14. Plaintiff also alleges that he "never had any business dealings with the defendant, nor has Plaintiff applied for any credit or services, or employment[,]" with NCO and did not "give the defendant permission" to access his report. *Id*. at ¶¶ 13, 17. Plaintiff further asserts that "Defendant had a duty to properly ascertain if there was in fact any legitimate permissible purpose for obtaining Plaintiff's consumer credit report. Defendant however breached said duty by failing to do so. There was no account that Defendant had a right to collect, resulting in defendant obtaining Plaintiff's consumer credit report." *Id*. at ¶ 18.

Attached to the complaint is a document with the heading "Account Review Inquiries." ECF No. 1-2, p. 8. Below the heading, the document states: "The listing of a company's inquiry in this section means that they obtained information from your credit file **in connection with an account review or other business transaction with you.**...." ECF No. 1-2, p. 8 (emphasis added). NCO is listed on that page twice, with requests on June 3 and July 18, 2011.[2]

---

[2] The facts will show that NCO had two accounts placed for collection related to the Plaintiff. One, an account owed by "Odeal Watson" to Bank of America, placed June 3, 2011; the second, an account owed by "Oaxaco El Bey" to Missouri Gas Energy placed July 18, 2011. Both accounts shared the same social security number.

## III. Summary of Argument

First, Plaintiff's complaint under the Fair Credit Reporting Act is barred by the statute of limitations.

Second, Debt collectors have a permissible purpose to obtain a consumer's credit report in connection with collection, as 15 U.S.C. § 1681b(A)(3)(a). Because the complaint makes it plain that NCO obtained Plaintiff's credit report for a permissible purpose, the complaint fails to state a plausible claim for relief, and fails as a matter of law.

Third and finally, Plaintiff cannot maintain this action in the name of a pseudonym. Fed.R.Civ.P. 10(a) requires every action to include the name of the parties, and Rule 18(a) requires the action be prosecuted in the name of the real party in interest. Although failing to prosecute the action in his given name may not present an immediate insuperable obstacle to maintaining this action, if Plaintiff does not obtain permission to sue pseudonymously, or correct the pleadings, dismissal is required.

## IV. Law & Argument

### A. Standard of Review

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. The Supreme Court has established a two-step process for determining whether a plaintiff has pled sufficient facts to overcome a motion to dismiss. A court must first ignore "mere conclusory statements" or legal conclusions, which are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Then, assuming the

veracity of the remaining facts, "a complaint must contain sufficient factual matter ... to 'state a claim [for] relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562 (quoted case omitted). A complaint "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir.2008) (citing *Twombly*, 550 U.S. at 555 & n. 3).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (emphasis added). While this plausibility standard is not "akin to a 'probability requirement,'" it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). Pleading facts that are "'merely consistent with' a defendant's liability" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

In considering a motion to dismiss, the Court is limited to the complaint and its attachments. *Zink v. Lombardi*, 783 F.3d 1089, 1099 (8th Cir. 2015) *cert. denied,* No. 14-9223, 2015 WL 1607160 (U.S. June 30, 2015) (citing *Meehan v. United Consumers Club Franchising Corp.,* 312 F.3d 909, 913 (8th Cir.2002); *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986)))

"[D]ismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense.'" *Metro. St. Louis Equal Hous. Opportunity Council v. Tillman*, No. 7-04114-CV-C-NKL, 2007 WL 3046585, at *1 (W.D. Mo. Oct. 16, 2007) (quoting *Hollander v. Brown,* 457 F.3d 688, 691 n. 1 (7th Cir.2006)); *Varner v. Peterson Farms,* 371 F.3d 1011, 1016 (8th Cir.2004)("when it appears from the face of the complaint itself that the limitation period has run, a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss.").

### B. Plaintiff's claim under the Fair Credit Reporting Act is time-barred, warranting dismissal.

Plaintiff alleges that "**_on or about May 29, 2013_**...Plaintiff at this time noticed and found an inquiry by Defendant NCO Financial Systems Inc. to obtain Plaintiff's consumer credit report...." ECF No. 1-2 ¶ 5 (emphasis added). As such, the complaint shows Plaintiff became aware of the credit pull on May 29, 2013. *Id.*[3]

An action under the FCRA must be brought within "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or ... 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. The date of discovery by the Plaintiff, within the meaning of this statute, dates to when the consumer becomes aware of the operative facts giving rise to the injury. *See*

---

[3] Plaintiff alleges in the following paragraph: "Accordingly[,] the discovery of the violations stated herein occurred on 5-14-2014, and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p." ECF No. 1-2 ¶ 6. Because this statement is a legal conclusion, it is not entitled to a presumption of truth. *Iqbal, supra.* Further, it is internally inconsistent with Plaintiff's factual assertion in the preceding paragraph.

*Mack v. Equable Ascent Fin., L.L.C.,* 748 F.3d 663, 665 (5th Cir. 2014). Here, that date is apparent from paragraph 5 of the complaint, where Plaintiff alleges the date he obtained his credit report was ***May 29, 2013***. ECF No. 1-2 ¶ 5.

By virtue of 15 U.S.C. § 1681p, Plaintiff had two years from the date he discovered the credit report was obtained by NCO to bring suit (May 29, 2013), and the time for doing so expired on May 29, 2015.

Because this action was not filed until July 3, 2015, Plaintiff's claim under the Fair Credit Reporting Act was filed outside the applicable two-year limitations period, is untimely and must be dismissed. *Grant v. Vision Fin. Servs., Inc.*, No. 11 C 8854, 2013 WL 1499004, at *3 (N.D. Ill. Apr. 11, 2013).

    **C.**    **Plaintiff's complaint fails to state a claim for a violation of the FCRA premised on obtaining his credit report without a permissible purpose**.

Plaintiff's pro se complaint asserts claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a, *et seq.,* premised on obtaining his credit report without a permissible purpose. ECF No. 1-2, ¶¶ 5-18. To establish a FCRA claim of willful or negligent misuse or acquisition of a consumer report, a plaintiff must allege and prove each of the following: (i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state. See *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir.2002), *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007); *Perl v. Am. Express*, Nos. 12–CV–4380, 12–CV–4796, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012) ("To state a claim for civil liability based on

Section 1681b, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent." )(citations omitted); *King v. Equable Ascent Fin., LLC*, No. 12–CV–443, 2013 WL 2474377, at *2 (M.D.N.C. June 10, 2013) ("[T]o state a claim for willful or negligent acquisition of a credit report under the FCRA, a plaintiff must allege facts showing each of the following: (i) there was a consumer report; (ii) the defendants used or obtained it; (iii) the defendants did so without a permissible statutory purpose, and (iv) the defendants acted with the specified culpable mental state." (internal quotation marks omitted));15 U.S.C. §§ 1681b, 1681n and 1681o.

Whether or not the Defendant acted with our without a permissible purpose, is a legal conclusion – and the allegation in a pleading that a permissible purpose was lacking is not entitled to the presumption of truth. *Breese v. TRIADvantage Credit Servs., Inc.*, 393 F.Supp.2d 819, 821 (D.Minn.2005); *Ewing v. Wells Fargo Bank*, 2012 WL 4514055, *4-5 (D.Ariz. Oct. 12, 2012)("The Court does not have to presume Plaintiff's legal conclusion that Wells Fargo had no permissible purpose for obtaining a credit report is true."); *Makreas v. Moore Law Group, A.P.C.*, 2011 WL 4803005, *3 (N.D.Cal. Oct. 11, 2011)(same); *Miner v. Moore Law Group*, 2011 WL 2489908, *1 (S.D.Cal. Jun. 22, 2011)(same); *Edwards v. Equifax Information Services LLC*, 2009 WL 5178264, *2 (E.D.Va. Dec. 24, 2009)(same); *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 444 (6th Cir. 2012); *Daniels v. Jack Matia Honda*, 2005 WL 2002357, *4 (N.D.Ohio Aug. 19, 2005)("There is no allegation that … [the Defendant] requested … [Plaintiff's] credit report for any reason that is not sanctioned by the FCRA.").

At the time of the "credit pull," Plaintiff's complaint alleges that Defendant was a debt collector, ECF No. 1-2, ¶ 3, supporting the inference that Defendant was attempting to collect a debt from him. *See also id*. at ¶ 18 ("There was no account that Defendant had a right to collect."). The attachment to the complaint asserts the credit information was obtained "**in connection with an account review or other business transaction** ...." ECF No. 1-2, p. 8(emphasis added).

15 U.S.C. § 1681b provides that a user has a permissible purpose to obtain a credit report when the person "intends to use the information in connection with a … review or collection of an account of, the consumer[.]" 15 U.S.C. § 1681b(a)(3)(A). *See Scheffler v. Messerli & Kramer P.A.,* __F.3d.__, 2015 WL 3937895, at *2 (8th Cir. June 29, 2015); see also *Korotki v. Attorney Servs. Corp.*, 931 F.Supp. 1269, 1276 (D.Md.1996), *aff'd*, 131 F.3d 135 (Table), 1997 WL 753322 (4th Cir.1997), *cert. denied*, 523 U.S. 1118 (1998) (collection is a permissible purpose); *Shelton v. NCO Financial Systems Inc.*, No. 3:13–cv–903, 2013 WL 2239132, *3 (N.D.Ohio 2013)("Under § 1681b(a)(3)(A), a party is permitted to obtain an individual's credit information in connection with the collection of a debt.").

Plaintiff's assertions that there "was no account that Defendant had a right to collect," ECF No. 1-2 ¶ 18, that he had "[no] business dealings [with NCO;]" "[that he had not] applied for any credit or services, ... employment ... [or] executed any contracts resulting in an account in favor of the defendant[,]" *id*. at ¶ 13, and that he did not consent or give permission to obtain his credit report, *id*. at ¶ 17, are irrelevant. NCO was allowed, under 15 U.S.C. § 1681b(A)(3)(a) of the FCRA, to access Plaintiff's credit

report regardless, with respect to a debt placed for collection, whether or not he had any dealings with NCO or consented to NCO's obtaining his credit information, as "so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." *Korotki v. Attorney Services Corp. Inc.*, 931 F.Supp. 1269, 1276; see also *Hinton v. Trans Union, LLC*, 654 F.Supp.2d 440, 449 (E.D.Va.2009) (consumer's consent is not a prerequisite to obtaining a credit report); *Pyle v. First Nat. Collection Bureau*, No. 1:12–cv–00288, 2012 WL 5464357, *4 (E.D.Cal. 2012)(Plaintiff's "allegation that he 'never at anytime had any business dealing or accounts with the Defendant' does not establish that Defendant's activities were impermissible."); *Miller v. Rubin & Rothman, LLC*, No. 10-2198, 2011 WL 4359977, *3 (D.Minn. Sep 19, 2011); *Beckstrom v. Direct Merchant's Credit Card Bank*, No. 04-1351, 2005 WL 1869107, *3 (D.Minn. Aug. 05, 2005).

Because it is apparent from the complaint that Defendant engages in debt collection; that a permissible purpose would exist to collect a debt irrespective of Plaintiff's dispute, and that Plaintiff's consent to authorize a review of his credit report was unnecessary, *Korotki v. Attorney Services Corp. Inc*. 931 F.Supp. 1269, 1276; the complaint presents no more than a sheer possibility that a defendant has acted unlawfully.

In order to survive dismissal, Plaintiff "must have proffered factual allegations (taken as true along with reasonable inferences drawn therefrom) supporting that, at the very least,… Defendant obtained [his]… credit report when it reasonably should have known that Plaintiff had not initiated a business transaction with …[his creditor]… [or that] Defendant should have known the Account did not "involve" Plaintiff or should

have known that the Account did not belong to Plaintiff." *Cappetta v. GC Services Ltd. Partnership*, 654 F. Supp. 2d 453, 461-62 (E.D. Va. 2009). Plaintiff's complaint fails to meet this standard.

For all the foregoing reasons, Plaintiff's complaint fails to state a claim under the FCRA, and ought to be dismissed.

> **D.     Plaintiff's complaint must be dismissed because the action has not obtained leave to proceed pseudonymously, nor prosecuted in the name of the real party in interest.**

Rule 10(a) of the Federal Rules of Civil Procedure requires that, "[t]he title of the complaint must name all the parties." Pursuant to this rule, there is a "strong presumption against allowing parties to use a pseudonym." *W.G.A. v. Priority Pharmacy, Inc.,* 184 F.R.D. 616, 617 (E.D.Mo.1999) (citations omitted). "The reason for the presumption is a First Amendment interest in public proceedings such as lawsuits, which is furthered by identifying the parties to an action." *Id.* (citation omitted). *See also Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir.1997). When a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-91 (2d Cir. 2008)(standard applicable to request to proceed pseudonymously); *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009)(same); Jayne S. Ressler, *Privacy, Plaintiffs, and Pseudonyms: The Anonymous Doe Plaintiff in the Information Age*, 53 U. Kan. L. Rev. 195, 226 (2004). Further, Rule 17(a) requires every action "be prosecuted in the name of the real party in interest." The rule goes on to

provide that dismissal is not permitted, "until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). State law requires no less. *Cf. Doe v. Visionaire Corp.*, 13 S.W.3d 674, 675 (Mo.App. E.D. 2000)(review of dismissal of complaint filed under pseudonym).

Here, Plaintiff's claim is premised on accessing his credit report, and does not involve the type of sensitive or private information warranting permission to proceed pseudonymously.

As such, Plaintiff should be given the choice of either seeking permission to proceed with a pseudonym by motion, or absent the timely filing of such a motion, the Complaint must be amended to include his true name, or suffer dismissal. *See e.g., Broussard v. Waldron Sch. Dist.*, 866 F. Supp. 2d 1042, 1050 (W.D. Ark. 2011).

## V. Conclusion

For all the foregoing reasons, Plaintiff's complaint should be dismissed with prejudice.

Respectfully Submitted ,                /s/Krystle M. Dunn
                                        Paul M. Croker MO #57000
                                        Krystle M. Dunn MO #64139
                                        Armstrong Teasdale LLP
                                        2345 Grand Boulevard, Suite 1500, Kansas
                                        City, Missouri 64108-2617
                                        816.221.3420
                                        FAX: 816.221.0786
                                        pcroker@armstrongteasdale.com
                                        kdunn@armstrongteasdale.com

                                        Attorneys for Defendant,
                                        NCO Financial Systems, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2015, a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to the parties by operation of the court's electronic filing system, at the address of counsel noted below. Parties may access this filing through the court's system. A true copy was also sent via ordinary U.S. Mail, postage prepaid on July 28, 2015 to:

Oaxaco El Bey
P.O. Box 670824
Coral Springs, Florida  33067

/s/*Krystle M. Dunn*
Krystle M. Dunn